## ZIELE AND BECKER *against* THE EXECUTORS OF CAMPBELL.

Where there are several persons jointly indebted, or jointly responsible, and all of them are not made defendants, it must be pleaded in abatement, and cannot be taken advantage of at the trial.

THIS cause came before the court, on a writ of error from the Albany common pleas.

The executors of Campbell brought an action of assumpsit in the court below, for work and labor done by the testator; the plea was the general issue.    On the trial the plaintiff proved that the defendant and several other persons who had located a certain tract of unappropriated land, met at a certain place, and the testator, who was a surveyor, attended also, by appointment of some of the persons interested in the location, and was employed with the knowledge and consent of them all to survey the land which he accordingly did.

The defendant, upon this testimony, objected that the suit ought to have been brought against all the per-

Ziele and Becker v. Executors of Campbell.

sons *interested in the location, which objection was    [*383]
overruled by the court.

KENT, J. delivered the opinion of the court. This objection might have been good in a plea of abatement, but is inadmissible, if raised at the trial, upon the general issue. The case of *Rice* v. *Shute*, (5 Burr. 2617,) and *Abbot* v. *Smith*, (2 Black. Rep. 947,) have solemnly and fully settled this point; and the principle, or ground of the decision in those cases, applies equally to this case, and to every other case where two or more defendants are responsible on a joint undertaking. " It is convenient and just that the defendant should take advantage of this objection (if at all) at the beginning of the suit, and plead it in abatement; and he ought not to be permitted to lie by and put the plaintiff to the delay and expense of a trial, and then set up a plea not founded in the merits of the cause, but on the form of proceeding."

It is a principle of very ancient date in the common law, and has been applied to specialties, as well as to simple contracts. (See the cases cited by De Grey, Ch. J. 2 Black. Rep. 950.) The same point came into view and was sanctioned by the court of common pleas in the case of *Scott* v. *Godwin*, (1 Bos. & Pull. 66.) " A writ," says Lord Ch. J. Eyre, "shall abate, that has not made all the parties co-defendants, because the plaintiff may have a better writ in the same cause; but the action shall not be barred because the plaintiff has, in himself, an absolute right to sue the defendant. The defendant can only insist, if he pleases, that the plaintiff shall sue others with him, and this advantage he may waive, where the objection does not appear on the face of the record, and does waive, in that case, unless he plead in abatement."

In short, the rule applies to all joint contracts, as well as to those arising particularly from mercantile partnerships, *that if all who ought to be plaintiffs are not    [*384]
joined, it is ground for a nonsuit; if any are omitted as defendants, it is only in abatement.

We are of opinion, therefore, that the judgment must be affirmed.

Judgment affirmed.(a)

(a) Stoney v. McNeill, Harper, 173.   Horton v. Cook, 2 Watts, 40.   Jordan v. Wilkins, 3 Wash. C. C. 110.   Moore v. Russell, 2 Bibb, 443.   2 J. J. Marsh. 38.   Wilson v. Wallace, 8 S. & R. 55.   Geddis v. Hawk, 10 id. 33. Winslow v. Merrill, 2 Fairf. 127.   Brown v. Warram, 3 Har. & J. 572. Powers v. Spear, 3 N. Hamp. 35.   Robinson v. Robinson, 1 Fairf. 240. Robertson v. Smith, 18 Johns. R. 459.   Williams v. Allen, 7 Cowen, 316. Cumming v. Eden, 1 id. 70.   Gay v. Carey, 9 id. 44.   Coffee v. Eastland, Cooke, 159. —— v. Kenon, 1 Hayw. 216.   Barry v. Foyles, 1 Pet. 317. Mackall v. Roberts, 3 Monr. 130.   Barstow v. Fossett, 11 Mass. 250.   M'-Arthur v. Ladd, 5 Ham. 517.   Morgan v. Crimm, 1 Monr. 129.   M'Call v. Price, 1 M'Cord, 82.   Conley v. Good, 1 Breese, 96.   Bradley v. Camp, Kirby, 106.   Brown v. Belches, 1 Wash. 9.   Barrett v. Watson, id. 372. Le Page v. M'Crea, 1 Wend. 164.   Allen v. Sewall, 2 id. 327.   M'Gregor v. Balch, 17 Vermont, 562.   Neally v. Moulton, 12 N. Hamp. 485.   See 6 Dana, 341.   3 Monroe, 130.