# BELKNAP,

## JANUARY TERM, A. D. 1842.

---

### NEALLEY & a. *vs.* MOULTON.

In actions founded upon contracts, the omission of a party who ought to have been joined as a defendant, can only be taken advantage of by a plea in abatement.

ASSUMPSIT, upon an account annexed to the writ, for $17·27, being a balance of accounts.

Plea, the general issue.

There were also general counts, for goods, wares, &c., and also the common money counts.

The plaintiffs, in their specification, under the general counts in their declaration, gave notice to the defendant that they should claim $17·27, for balance of an account which they exhibited, for that sum, against 'Barrows & Moulton,' the defendant being one of the firm.

The plaintiffs offered in evidence their books of account, verified by the oath of one of the plaintiffs, shewing a charge on the 24th day of November, 1838, to 'Barrows & Moulton,' as set forth in the plaintiffs' specification.

And it was agreed that if the court should be of opinion that the plaintiffs can sustain this action against the defendant, judgment should be rendered for the plaintiffs; otherwise for the defendant.

*W. Lovell,* for the plaintiffs. The defendant pleaded the general issue, and thereby denied that he promised in any way. The evidence showed that he did promise, although jointly with another.

A partnership contract is joint and several. The matter

should have been pleaded in abatement.    5 *Burr.* 2611 ; *Collyer on Part.* 420.

It does not appear on the face of the pleadings that it was a joint contract.    The plaintiffs gave notice that they should rely upon an account against the partnership.    But no form is required for such notices, which are under the control of the party.    The plaintiffs have not set forth or averred that there was any joint contract, by any pleading on their part.

*Hazelton*, for the defendant.    Nonjoinder of defendants may be pleaded in abatement, but can be excepted to in no other way, unless the nonjoinder appears on the record.    See *auth. cited in Metcalf & Perk. Dig.* 9, § 198, 201, 216 ; 1 *Chitty's Pl.* 14 ; *Ditto* 53, *n.* 1 ; *Watson on Part.* 437 ; *Yelv.* 27 ; 5 *Greenl.* 441 ; *Gould's Pleading* 278, § 115.

All the authorities show, that where the plaintiff puts on record that there is another joint contractor, not joined, the matter need not be pleaded.

PARKER, C. J.    It is a general principle, in actions upon contracts, that if a party be omitted who ought to have been joined as defendant, the objection can only be taken by a plea in abatement.    The defendant relies upon a supposed exception to this rule ; and in *Gould's Pleading*, which he cites, it is said, that if it appear, from the face of the declaration, or any other pleading on the part of the plaintiff, that a person not made defendant in the suit was a joint contractor with the defendant, and that such person is still living, (as he must be presumed to be, unless the contrary is alleged,) the nonjoinder of him as defendant is a good ground of demurrer, or motion in arrest of judgment ; and (if judgment be given for the plaintiff,) may be assigned for error.    For in this case the pleading of the plaintiff himself shows that he has no right to recover in the suit, as it is brought ; and as the mistake appears upon the record, by his own showing, there is no need of the defendant's pleading it.

Nealley *v.* Moulton.

The authorities which are cited by the author will hardly sustain the broad doctrine set forth; but there are others which seem to sanction it, particularly the case of *Harwood* vs. *Roberts*, 5 *Greenl. R.* 441, where error was brought, and the judgment reversed upon an objection of that character. And in *The King* vs. *Young*, 2 *Anstruther* 448, the objection was taken on demurrer.

If the principle were admitted, the defendant does not bring his case within it. That the objection cannot be taken at the trial, as a ground of nonsuit, on the general issue, is settled by *Whelpdale's case*, 5 *Co.* 119, and by *South* vs. *Tanner*, 2 *Taunt.* 254 also, in which the matter appeared on the face of the declaration; but a nonsuit was set aside, and a new trial ordered. The defendant has not pleaded in abatement or demurred, and he seems to have precluded himself from a motion in arrest of judgment, by his agreement.

But we are not disposed to place the decision upon this ground.

If it were conceded that the plaintiff's specification has become parcel of the declaration, there is nothing in it to show that Barrows, the other partner of the firm of Barrows & Moulton, is living; and that fact is not, in our opinion, to be presumed, in favor of the defendant, from the exhibition of the account in the specification. When the existence of a particular subject matter, or relation, has once been proved, its continuance is presumed till proof be given to the contrary, or till a different presumption be afforded by the very nature of the subject matter. 3 *Stark. Ev.* 1252. But the defendant, who in a plea in abatement would be bound to allege not only that Barrows contracted with him, but that he was alive, and could not in that case rely upon any presumption, without an averment, is not entitled to the benefit of such a presumption merely because the plaintiffs have stated their claim as if Barrows was a joint contractor, even if that statement had been contained in the declaration itself. *See* 2

*Taunt.* 256. If the exception to the rule were admitted, the fact that the other joint contractor is living, should appear explicitly upon the record. 1 *Saund.* 291, *Cabell* vs. *Vaughan ; Ditto* 291 *b, n,* 4.

There are other reasons why the exception should be denied altogether.

It seems to be clear that the matter might be pleaded in abatement, notwithstanding it appears on the face of the plaintiffs' pleading. That is admitted in *Harwood* vs. *Roberts.* And the authorities are express, that, as a general rule, what may be pleaded in abatement shall not be assigned for error. *Bac. Abr., Error, K. ; Carth.* 124, *Coan* vs. *Bowles ;* 2 *B. & P.* 73, *per Eyre, C. J. ; 5 Dane's Abr.* 60. The reason why the party shall not have error for what he might have pleaded in abatement, would seem to preclude him from moving such matter in arrest of judgment.

And, moreover, the reason why the objection cannot be taken at the trial, as a ground of nonsuit, shows that it should be admitted only in abatement. The plaintiffs have, in fact, in such cases, a cause of action against the defendant sued. If there is another who ought to be joined, the defendant is entitled to make the objection ; but this right he may waive, and he must be considered as waiving it, if he do not plead it in time.

Formerly it was ruled, in more than one instance, that where it appeared in evidence that another ought to have been joined, the objection was fatal, because there was a variance. Had that been the true rule, it would have followed of course that when the matter appeared on the face of the plaintiff's pleading, the defendant might demur, or move in arrest, or sustain error, because it would appear on his own showing that he was not entitled to sustain his action against the defendant. But those rulings were overruled ; and where the plaintiff alleges a legal cause of action against the defendant, which, being supported by proof, entitles him to a verdict, there seems to be no good reason why the fact that he

might have brought his action against another also, (which is not a ground of objection at the trial,) should afterwards bar the party from having a judgment.

If his evidence of a contract by two, be good to support his declaration against one alone, because that one is liable to the plaintiff; a declaration alleging that he, with another, promised the plaintiff, should not be held bad, for there may be reasons why the action could not have been supported against the other, if he had been joined. There are divers authorities which lay down the general rule, without any exception. 5 *Burr.* 2611, *Rice* vs. *Shute;* 2 *Black. R.* 947, *Abbot* vs. *Smith;* 1 *Bos. & Pul.* 73, *note, Barnard* vs. *Kenworthy;* 2 *Johns. Cas.* 382, *Ziele* vs. *Ex'rs of Campbell;* 7 *Cowen* 316, *Williams* vs. *Allen.*

In *Whelpdale's case,* 5 *Co.* 119, and in *Stead* vs. *Moon, Cro. Jac.* 152, the matter appeared on the record by a special verdict, but it was held that the plaintiff was entitled to judgment. The reason is not apparent why the objection should be fatal where the matter appears on the record from the plaintiff's pleading, and of no avail where it is put upon the record by a verdict. And Mr. Justice Sewall, in *Converse* vs. *Symmes,* 10 *Mass.* 379, lays down the principle that "if the defendant neglects to plead in abatement that others liable ought to be impleaded, this is a waiver of his right; and he cannot object this variance, either on the general issue or in arrest of judgment, if the fact becomes apparent upon the record."

*Judgment for the plaintiffs.*