# CARROLL.

## DECEMBER TERM, A. D. 1851.

---

### GOVE *v.* LAWRENCE.

It is a general rule, that in actions founded upon contract, the omission of a party who should have been joined as a defendant, can only be taken advantage of by a plea in abatement.

Whether, if the omission appear upon the pleadings of the plaintiff, the case forms an exception to the general rule—*quære ?*

When the omission does not appear upon the pleadings of the plaintiff, the objection cannot avail, upon the plea of the general issue, as a ground of non-suit.

When the action was founded upon a bond, and there was the omission of a party who ought to have been joined as a defendant, and the defendant was declared against as upon his sole obligation, and *non est factum* was pleaded, it was *held*, that the motion of the plaintiff, made in the court of common pleas, for leave to amend the declaration by inserting the name of the other obligor, was properly denied.

DEBT upon a bond. Plea, *non est factum ;* and there was a denial of the signature, in the manner required by the forty-third rule of court. The declaration alleged that the defendant at, &c., on, &c., " by his writing obligatory of that date, sealed with his seal, and here in court to be produced, bound and acknowledged himself indebted to the plaintiff in the sum of one thousand dollars, to be paid to the plaintiff on demand." The action was referred under a rule of court. The parties appeared before the referees, and the hearing was adjourned to the 15th day of January, 1852. At the November term of the court of common pleas, 1851, the plaintiff suggested that the bond was executed by the defendant jointly with two others, and that a joint bond will not sustain his action, and moved that the other obligors might be made parties to this suit, and be summoned by a writ

of *scire facias;* but there having been no plea in abatement, that there are other defendants who ought to be joined in the action, and the court being of the opinion that under the present declaration and plea, the objection of the nonjoinder could not be taken as a ground of nonsuit, refused to grant the motion. To which ruling the plaintiff excepted; and it was ordered that the questions arising upon the exception be reserved and assigned to the determination of this court.

*O. Hall,* and *J. Dearborn,* for the plaintiff.

*L. D. Sawyer,* for the defendant.

Woods, J. The defendant is sued alone, as upon his sole obligation. Such is the form and effect of the declaration. But the purpose of the action is to recover a sum of money claimed to be due upon the joint obligation of the defendant and two others. It is, then, the case of a nonjoinder of defendants whom it was proper to join in the action. The plea filed is *non est factum,* and the question in issue upon the plea was, whether the obligation declared on was the act or deed of the defendant.

The motion of the plaintiff was made, and attempted to be sustained, upon the ground that the action cannot be maintained; that the evidence will not support the issue on his part; that the obligation, which is in fact joint, cannot be in law regarded as the several bond of the defendant; and that there is a variance between the declaration and the proof. Upon this view of the law, the plaintiff moved in the court of common pleas for leave to amend his declaration, by making the other two co-obligors parties to the action, by virtue of the provisions of chap. 184, § 18, Rev. Stat. By the literal interpretation of that section, it is only when a plea in abatement is interposed, for the reason of the nonjoinder of plaintiffs or defendants, that the court are empowered, upon application, to allow an amendment such as is asked for in the present case. Whether the act is to be thus limited in its interpretation, or whether it may not be found to have

properly a wider application, and to extend its power for relief to all cases of nonjoinder of parties in which advantage may be taken upon motion for a nonsuit, or in arrest of judgment, or upon error, as well as by plea in abatement, we need not now inquire. It is enough for the purposes of this case to say, that the statute does not confer the power to amend in a case where the party is not liable to be defeated in his action in any of the modes suggested, but stands well in court for a trial of his cause upon its merits, and has no occasion for its exercise. Such is the present case.

The general rule of law is well established by numerous authorities, that where one is sued alone on a joint obligation or promise made by himself and another, advantage can be taken of the nonjoinder only in abatement. 1 Chitty's Pl. 14 ; Gould's Pl., chap. 5, § 114, and cases cited ; *Neally* v. *Moulton,* 12 N. H. Rep. 485, and cases there cited. Whether if the omission appear upon the declaration or other pleading of the plaintiff, the case forms an exception to the general rule, is a question which need not be inquired into at this time ; *Nealley* v. *Moulton,* before cited. This case raises no such question. Here no plea in abatement is interposed. The court of common pleas, then, were clearly right in their conclusion, that the objection of the nonjoinder could not avail the defendant as a ground of nonsuit. In such a case there is no variance. The obligation is declared upon as the obligation of the defendant. And the obligation to be given in evidence, in support of it, is in law regarded as the deed of the defendant, although not his sole deed. Gould's Plead., chap. 5, § 114. The evidence then agrees with and supports the declaration. There is, then, no occasion for the proposed amendment. On the whole, we think the court below were fully justified in refusing to grant the motion of the plaintiff.

*Motion denied.*